IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE COMPANY, ) ) ) Plaintiff, ) ) ) v. ) ) ANNETTE MAREE, et al., ) ) Defendants. ) ) ) | Civil Action No.: 1:08cv24 |

## MEMORANDUM OPINION

Before the Court are Judi D'Agrossa and Nancy Sullivan's Motion for Summary Judgment, Defendant Annette Maree's Motion for Summary Judgment, supporting Memoranda of Law, the Oppositions, and the Replies. Also before the Court are the Motion *in limine* and to Strike the Declarations of Annette Maree, Donald Newlin, and Victoria Valentine, the Opposition, Reply, and the Motion to Strike Judi D'Agrosa's Declaration in Support of her Opposition to Defendant Maree's Motion for Summary Judgment. The Court finds that there are no material facts in dispute and this case can be resolved on the summary judgment motions. For the reasons set forth herein, the Court finds that Annette Maree is entitled to summary judgment in her favor.

I. **Factual Background and Procedural History**

This case involves the life insurance benefits payable as a result of the death of William P. Sullivan ("Sullivan") under a Transamerica Occidental Life Insurance Company ("Transamerica") insurance policy in the amount of $500,000.00. In connection with Sullivan's

life insurance policy, the most recent beneficiary designation form completed by Sullivan on May 4, 2000, named the primary beneficiaries as follows: Annette Maree ("Maree") to receive 80%, Judi S. D'Agrosa ("D'Agrosa") to receive 15%, and Nancy C. Sullivan ("Nancy") to receive 5%.[1] At the time the beneficiary designation form was completed, Maree was Sullivan's wife. D'Agrosa is Sullivan's sister, and Nancy is Sullivan's sister in law.

On June 11, 2003, the Circuit Court of Loudoun County, Virginia entered the Final Divorce Decree of Sullivan and Maree, which incorporated the Martial Settlement Agreement signed and agreed to by Sullivan and Maree. The Marital Settlement Agreement, with respect to life insurance between the signatories, provided that:

> "Neither party shall be required to maintain life insurance on the life of the other. However, by agreement, the wife shall be deemed to have an insurable interest on the life of the Husband. The Husband shall not have an insurable interest on the life of the wife. The Husband shall be allowed to maintain his existing life insurance policy and shall be allowed to name the Wife as a beneficiary of this policy." (D'Agrosa and Nancy's Br., Ex. 3).

Sullivan died on September 2, 2007, in Fairfax, Virginia. Maree, D'Agrosa, and Nancy all made claims to Sullivan's life insurance proceeds. Transamerica filed this Federal Rule of Civil Procedure Rule 22 interpleader action before this Court on January 10, 2008. On June 11, 2008, the Court granted the Joint Motion to Accept Certain Life Insurance Proceeds, to Reimburse Transamerica for Fees and Costs Incurred, and to Dismiss Transamerica from the action.

Under either the primary or contingent beneficiary designation completed by Sullivan,

---

[1] The beneficiary designation form also named the following contingent beneficiaries, should Maree predecease her husband, as follows: D'Agrosa to receive 75% and Nancy to receive 25%.

2

D'Agrosa is entitled to a minimum of $75,000.00 and Nancy is entitled to a minimum of $25,000.00. Accordingly, Transamerica paid D'Agrosa and Nancy the respective aforementioned sums, received reimbursement for the costs and fees incurred in bringing this action, and deposited the remaining $402,321.85 with the Clerk of Court.

## II. Jurisdiction and Venue

This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this claim occurred in this district.

## III. Standard of Review

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1985). In ruling on a motion for summary judgment, a court should accept the evidence of the non-movant, and all justifiable inferences must be drawn in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248; *see also Hooven-Lewis v. Caldera*, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact arises when the

evidence is sufficient to allow a reasonable jury to return a verdict in the opposing party's favor. *Anderson*, 477 U.S. at 248. Thus, mere speculation by the non-moving party "cannot create a genuine issue of material fact." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985); *see also Ash v. United Parcel Serv., Inc.*, 800 F.2d 409, 411-12 (4th Cir. 1986).

## IV. Discussion

All parties agree, and the Court finds that there are no material issues of fact in the case at bar. Instead, D'Agrosa, Nancy, and Maree have divergent interpretations of the application of Section 20-111.1 of the Virginia Code, regarding death benefits to former spouses, to the case at bar.

In pertinent part, Virginia Code § 20-111.states that:

"Upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked. A death benefit prevented from passing to a former spouse by this section shall be paid as if the former spouse had predeceased the decedent." Va. Code § 20-111.1(A).

Based on this section of the Virginia Code, D'Agrosa and Nancy contend that Maree should be treated as having predeceased Sullivan, therefore D'Agrosa should take 75% or $375,000.00, Nancy should take 25% or $125,000.000, and Maree should take nothing. However, Section 20-111.1 of the Virginia Code goes on to state that:

*This section shall not apply (i) to the extent a decree of annulment or divorce from the bond of matrimony, or a written agreement of the parties provides for a contrary result as to specific death benefits,* or (ii) to any trust or any death benefit payable to or under any trust." Va. Code § 20-111.1(C) (emphasis added).

In this case, the Marital Settlement Agreement between Sullivan and Maree constitutes "a written agreement of the parties [that] provides for a contrary result as to specific death benefits."

Va. Code § 20-111.1(C). Specifically, the Marital Settlement Agreement provides that Sullivan "shall be allowed to maintain his existing life insurance policy and shall be allowed to name [Maree] as a beneficiary of this policy." (D'Agrosa and Nancy's Br., Ex. 3). The Virginia Supreme Court has held that "[p]roperty settlement agreements are contracts and are subject to the same rules of construction that apply to the interpretation of contracts generally." *Southerland v. Estate of Southerland*, 249 Va. 584, 588 (Va. 1995) (citations omitted). Further, Virginia adheres to the "plain meaning rule[,] . . . [w]here an agreement is complete on its face, is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Berry v. Klinger*, 225 Va. 201, 208 (Va. 1983). In this case, the Court finds that the Marital Settlement Agreement between Sullivan and Maree is complete on its face and the terms are unambiguous. Therefore, the Court declines to consider any extrinsic evidence "because the writing is the repository of the final agreement of the parties."[2] *Id.*

At the time of Sullivan's death, his primary beneficiary designation named Maree to take 80% of the life insurance proceeds, which is consistent with the Marital Settlement Agreement. Accordingly, Maree is entitled to 80% of Sullivan's life insurance proceeds, D'Agrosa is entitled to 15% already paid to her by Transamerica, and Nancy is entitled to 5% already paid to her by Transamerica.

---

[2] Accordingly, the Motion *in limine* and to Strike the Declarations of Annette Maree, Donald Newlin, and Victoria Valentine and the Motion to Strike Judi D'Agrosa's Declaration in Support of Her Opposition to Defendant Maree's Motion for Summary Judgment are denied as moot.

## V. Conclusion

For the reasons stated above, Maree's Motion for Summary Judgment is GRANTED and D'Agrosa and Nancy's Motion for Summary Judgment is DENIED.

Entered this 1st day of August, 2008.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge